RICHARD SCAINE v. THE INHABITANTS OF BELLEVILLE, IN THE COUNTY OF ESSEX.

1. In this state the legislature cannot destroy either the contract or the remedy of the creditor.
2. When a township was, by statute, converted into a city, and debts accrued, and such statute was then repealed, making no provision for

Scaine ·v. Belleville.

the payment of the city debts—*held*, that an action would lie for such claims against the revived township.

3. In furtherance of the constitutional provision, the court will strongly incline to giving an adequate remedy to the creditor:

---

On case certified from the Essex Circuit.

This suit was brought by the plaintiff to recover $250 due to him by the city of Belleville, for his salary as city clerk.

This city was chartered by the act of March 27th, 1874, (*Pamph. Laws*, 1874, *p.* 674,) which act was repealed by that of March 27th, 1876, (*Pamph. Laws*, 1876, *p.* 482.)

Argued at June Term, 1877, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiff, *Ludlow McCarter*.

For the defendant, *John W. Taylor*.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This action is against the township of Belleville, for a debt which was contracted by the city of Belleville, and the only question which has been certified for the advisory opinion of the court is, whether the debts of the extinct city have, in law, been imposed on this defendant.

The circumstances are these :

In the year 1874, the township of Belleville was transformed into a city, the charter being in the ordinary form. The territorial boundaries of the new corporation were the same as those of the superseded one. While this city was in existence, the plaintiff's claim accrued. By the act of the 22d February, 1876, this city charter was repealed, and by force of such repealer, the act relating to townships revived as to this district, and thus, by implication, the defendant again became a corporation.

As a debt is indestructible by the mere force of legislation, it has not been contended in this case that the plaintiff is without a remedy for the enforcement of his demand, which is admitted to be just. The counsel for the defence insists that the action will not lie for this claim against the present defendant, the inhabitants of the township, but that it may be sustained against the city of Belleville, on the theory that the repealer of the municipal charter was absolutely and wholly void as to this plaintiff.

I have no doubt that if the continued existence of the chartered city was necessary to give effect to this claim, it should be held by this court that such corporation, to that end, was still in being, for in this state the legislature has no power to destroy either the contract or the remedy. This is the doctrine recognized in the case of *Rader* v. *Southeasterly Road District of Union*, 7 *Vroom* 273, and which doctrine is not, at this day, in any quarter, seriously questioned. That the plaintiff has his remedy unimpaired, is a proposition that is conceded. The discussion is limited to the inquiry, must the action be against the extinct city, or against this defendant?

The question is not without its embarrassments, but my conclusion is, that it is proper to justify the bringing of this suit in its present form. My ground for this opinion is, that under the conditions of the case, as presented, the legal inference must be that it was the intention of the legislature, by the repeal of the city charter, not so much to abolish the government of the district in question, as to alter its form. The charter was revoked, but there was no interregnum, for the township organization instantly revived and took its place, the repeal and revival being accomplished *uno flatu*. The object of the city charter was not abandoned; that object was local government, and, to effect this, the change made was the substitution of other instrumentalities. Nor was the area to be governed, changed, the boundaries of the city and of the township being identical. This would seem to be a change of form rather than of substance, for the same end is to be accomplished by different means.

Scaine v. Belleville.

There are many considerations that should very strongly incline the court to this view. It is certainly not lightly to be believed that it was the legislative design to utterly abolish the charter of the city, without putting the township in its place, for this would appear to fall little short of an attempt to repudiate the honest debts of the corporation. The repealing statute makes no provision for the payment or redemption of the obligations of the city. And even if this court should say that the creditor had the right to resort to the defunct corporation, and that, notwithstanding its attempted dissolution, a judgment might pass against it, there would be great, if not insuperable difficulties in the way of the creditor; for how could the fruits of such judgment be realized? It would be a judgment against a corporation that would be without officials or organs; and it is not easy to see how the adjudged debt could be raised, even under the compulsion of a *mandamus*, without an assessor to lay the tax, or a collector to gather it. We cannot easily suppose that the legislature intended to place the creditor in so difficult a situation. Nor is it to be believed that if a dissolution of the city charter, without a substitution of the corporate township in its stead, was meant, that no provision would have been made with respect to the municipal property. In this repealing act, there is not a word with respect to the proprietary rights of the city. What is to become of its moneys and other possessions? They are absolutely without any legal owner, on this theory of unconditioned rescission. On the opposite hypothesis of a substitution, these imperfections vanish, for an owner of the property of the superseded corporation plainly exists, as well as a debtor responsible for its obligations.

If we add to these considerations the pressure of the constitutional obligation to preserve to the creditor his remedy, the construction thus put upon this legislative act would seem to be inevitable. In no other way can the right of the creditor, founded on the constitution, be enforced. Such a right should not be allowed to depend on vague metaphysical

distinctions. It is true, that by looking at names, and not at the things of which they are symbols, a different result might have been reached. The name of the corporation that contracted this debt is not the same as that of the corporation sued—the official organs and machinery of the two differ—but they were both designed for the same purpose. The corporators of both schemes are the same, and they both embrace the same district. It cannot be denied that the inhabitants of the township are, in law, bound to pay this claim ; and whether the proceeding must be against them, under the title of the city charter, or by the designation in which they are now sued, is assuredly a matter of form. Whenever the real debtor is in existence, I think that by no legislative action can the creditor be deprived of his remedy against him, no matter what his metamorphosis may be ; otherwise, by changing the name and the form, the debt can be extinguished. In such cases, I think it should be maintained that if the party sued is, in point of fact, the debtor, and has a legal existence, the action will be sustained.

Let the Circuit Court be advised accordingly.